IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SALIM HAJIANI,

    Plaintiff,

v.                                                      No. 14-1259

RAJ ENTERPRISE, INC.,
BOLIVAR FOOD MART,
DHARMENDRA SINGH RAJ, and
GINA DHARMENDRA SINGH RAJ

    Defendants.
_____

ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING
LEAVE TO APPEAL *IN FORMA PAUPERIS*
_____

The Plaintiff, Salim Hajiani, brought this *pro se* action on September 30, 2014 alleging that the Defendants, RAJ Enterprise, Inc., Bolivar Food Mart, Dharmendra Singh Raj, and Gina Dharmendra Singh Raj ("Defendants"), willfully failed to pay him for the hours he worked in excess of forty hours per workweek at the required overtime rate, failed to pay him minimum wage, and retaliated against him in violation of the Fair Labor Standards Act ("FLSA"). (D.E. 1.) Plaintiff also alleges several state law claims. (*Id.*)

In a report and recommendation entered March 20, 2015, United States Magistrate Judge Edward G. Bryant recommended that the matter be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 11.) According to the docket, Plaintiff has not submitted objections, and the time for doing so has expired. Therefore, the report and recommendation is ADOPTED and this matter is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Rule 24(a) provides that, if a party was permitted to proceed *in forma pauperis* in the district court,[1] he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on a defendant, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Rule 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or

---

[1]Such permission was granted in this case on January 12, 2015. (D.E. 7.)

file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.[2]

The Clerk of Court is DIRECTED to prepare a judgment.

IT IS SO ORDERED this 7th day of April, 2015.

s/ J. DANIEL BREEN<br>CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of motions intended for filing in the Sixth Circuit.